| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA ) | | IN CIRCUIT COURT |
| ) SS. | | |
| COUNTY OF PENNINGTON ) | | SEVENTH JUDICIAL CIRCUIT |

STATE OF SOUTH DAKOTA  )
                                                  ) SS.
COUNTY OF PENNINGTON  )

BLACK HILLS MOLDING, INC.,  )
                                                      )
          Plaintiff,  )
                                                      )
vs.  )
                                                      )
BRANDOM HOLDINGS, LLC,  )
                                                      )
          Defendant.  )

IN CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT

Court File No. _____

COMPLAINT

**COPY**

Comes now the above mentioned Plaintiff, Black Hills Molding, Inc., by and through his undersigned counsel, Gregory J. Sperlich, and for his cause of action against the Defendants, herein states and alleges as follows:

## JURISDICTION

1. Black Hills Molding, Inc. is a South Dakota corporation operating in Rapid City, South Dakota.

2. Brandom Holdings, LLC, is a company organized under the laws of the state of Texas.

3. Brandom Holdings, LLC, and its predecessor, Brandom Southwest, entered into a contract in the state of South Dakota with Black Hills Molding, Inc., for the purpose of purchasing inventory to Brandom specification and further in house fabrication of drawer components. Brandom Holdings, LLC, is subject to this state's jurisdiction pursuant to SDCL 15-7-2 (5) (South Dakota's Long Arm Statute).

## FACTS

4. Black Hills Molding is a manufacturer of drawer and cabinetry components, as well as an importer of specialized wood products.

5. Black Hills Molding, over the course of years, developed special relationships with producers in various foreign countries, including China.

6. Black Hills Molding imported birch wood products from China and cuts them to specification for Brandom Holdings LLC.

7. These particular drawer components are made to Brandom's specified needs, changed by Brandom from time to time over the entire six year period.

8. Black Hills Molding would only ship those items as requested by Brandom per "just in time" industry standard.

9. Black Hills Molding would order the parts well in advance, so as to keep a steady supply of drawer components for Brandom's final assembly.

10. Black Hills Molding stocked over 100 different components for Brandom's drawer parts usage.

11. These drawer part components would be unsuitable for any other cabinetry maker given they have been made to Brandom's particular specifications.

12. In July of 2006, Brandom Southwest entered into a Non- Circumvention and Sales Agreement with Black Hills Molding.

13. Pursuant to that agreement, Black Hills Molding agreed to maintain a 6-8 week supply of product at their Dyess Avenue warehouse.

14. The amount of material housed at Black Hills Molding was based on updated quarterly projections from Brandom.

15. As part of this agreement Black Hills Molding agreed to use due diligence to maintain projected products for Brandom. Furthermore, Brandom agreed to take all

inventory in process, storage, or containers of products in transit, pursuant to this agreement, as of the day supplier received notice of termination.

16. Brandom Holdings, LLC purchased Brandom Southwest in approximately May of 2009.

17. Black Hills Molding was not notified of the sale of Southwest Holdings but was notified approximately 1 month after the sale. Black Hills Molding was advised by Brandom Holdings that there would be "no change business as usual".

18. Since that time Brandom Holdings has been providing projections, spread sheets, adjustments, approvals, and sales order on a just in time basis, by email and fax, on and almost weekly basis.

19. This course of conduct and regular observance of an agreement, establishes a course of dealing, usage of trade, and a course of performance recognized as a enforceable agreement.

20. This arrangement continued uninterrupted for approximately five consecutive years.

21. Brandom Holding has enjoyed and received the benefits of this agreement.

22. All of Brandom's purchases were F.O.B. Black Hills Molding, Inc.

23. In approximately December of 2011, Brandom's orders began to be more sporadic. Black Hills Molding noticed that they were having a hard time preparing orders due to Brandom's inability to communicate with them on their projections.

24. Brandom has since stopped ordering altogether with no written notice of agreement termination.

25. Brandom refuses to pay for remaining items in storage at Black Hills Molding.

## COUNT I
### *BREACH OF CONTRACT*

26. Plaintiff hereby re-alleges paragraphs 1 through 25 of this Complaint and hereby incorporates as if fully set forth herein.

27. Plaintiff's had a contract with Defendant, whereby, Plaintiff would provide specialized drawer components made to Defendant's specifications.

28. Plaintiff would provide these drawer components upon the express order of the Defendant.

29. Plaintiff would warehouse the Defendants materials until such time Defendants, requested them, at which time they would be shipped to Defendant.

30. These items were held F.O.B. Rapid City, South Dakota.

31. Defendant breached its contract with Plaintiff by refusing to pay Plaintiff for the materials Plaintiff had procured for the Defendant.

32. As a direct and proximate result of Defendants breach of contract Plaintiff has been damaged in an amount that includes $77,147.35 plus interest and accruing storage fees.

33. Plaintiff has also incurred attorney's fees which were likely and reasonably a foreseeable result of Defendants breach and are clearly ascertained. '

## COUNT II
### *PROMISSORY ESTOPPEL*

34. Plaintiff hereby reasserts paragraphs 1 through 33 of this Complaint and hereby incorporates them as if fully set forth herein.

35. Plaintiff relied on the representations and promises of Defendant's agent that Defendant needed the Plaintiff to continue to acquire drawer components to the Defendant's specifications. As a result of the Defendant's representations, Plaintiff acquired drawer raw materials, modified them and warehoused them at the Defendant's request. Plaintiff fulfilled all of their obligations pursuant to these requests.

36. The Plaintiff acted reasonably and justifiably in relying upon the Defendant's representations, assurances or promises that the Defendant would continue to need the drawer components from the Plaintiff.

37. It was wholy foreseeable to the Defendant that the Plaintiff would rely on the Defendant's representations, assurances or promises in continuing to purchase raw materials, modify them to the Defendant's specifications and warehouse them until the Defendant requested them as it has been customary for years.

38. Defendant had or should have had actual knowledge that Plaintiff relied on their representations and assurance.

39. Plaintiff has suffered an unfair and substantial detriment in an economical loss by the Defendant's refusal to pay for the items that they requested.

40. It was foreseeable to the Defendant that Plaintiff would suffer and would continue to suffer economical detriment in relying on the agent's representations and assurances regarding the products.

41. The products, being specific to the Defendants specifications are unable to be sold to anyone else.

42. Defendant continued to request that Plaintiff purchase and modify materials for their drawer components.

43. The Plaintiff purchased and completed the drawer components believing and reasonably relying on the Defendants representations, assurances and promises. At all material times that the Defendants knew or should of known that the representations made to Plaintiff were going to be relied upon by Plaintiff.

WHEREFORE, Plaintiff prays for the following:

A. For a Judgment in his favor, and against the Defendants, for all compensatory damages in an amount to be determined by the trier of fact;

B. For all costs and disbursements as allowed by law;

C. For any and all other relief that the Court deems just and equitable.

Dated this 13th day of June, 2012.

Gregory J. Sperlich
DEMERSSEMAN JENSEN
TELLINGHUISEN & HUFFMAN, LLP
Attorneys for Plaintiff
516 5th Street, PO Box 1820
Rapid City, SD 57709-1820
(605) 342-2814

PLAINTIFF DEMANDS A TRIAL BY JURY