UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BLACK HILLS MOLDING, INC., | ) | CIV. 12-5051 |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART** |
| | ) | **AND DENYING IN PART** |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **COMPEL AND GRANTING** |
| BRANDOM HOLDINGS, LLC, | ) | **PLAINTIFF'S MOTION TO** |
| | ) | **DEEM ITS ADMISSIONS** |
| Defendant. | ) | **TIMELY** |
| | ) | [DOCKET NOS. 26 & 33] |

## INTRODUCTION

This diversity action is before the court on plaintiff Black Hills Molding's

complaint against defendant Brandom Holdings, LLC alleging breach of

contract and promissory estoppel.  See Docket No. 1-1.  Pending is Brandom

Holdings' motion to compel plaintiff to respond to certain discovery requests.

See Docket No. 26.  Plaintiff resists this motion and filed a separate motion

requesting that this court deem plaintiff's responses as timely.  See Docket No.

33.  The Chief District Judge, the Honorable Jeffrey L. Viken, referred these

motions to this magistrate judge for resolution pursuant to 28 U.S.C.

§ 636(b)(1)(A) (2006).

## BACKGROUND & PROCEDURAL HISTORY

On June 13, 2012, plaintiff Black Hills Molding, Inc. ("Black Hills

Molding"), a corporation incorporated in the State of South Dakota, served a

complaint on Brandom Holdings, LLC ("Brandom"), a corporation incorporated

1

in the State of Texas, alleging breach of contract and promissory estoppel.  <u>See</u>

Docket 1-1.  The complaint was initially filed in state court for the State of

South Dakota.  <u>Id.</u>  However, defendant Brandom removed the complaint to the

United States District Court for the District of South Dakota based on the

Court's diversity of citizenship jurisdiction.  <u>See</u> Docket 1; 28 U.S.C. §1441(a)

(2006).  As set forth below, the parties have become embroiled in a discovery

dispute concerning the timeliness, sufficiency, and the appropriateness of

court-ordered sanctions as it relates to Black Hills Molding's responses to

Brandom's discovery requests.

On May 28, 2013, counsel for Brandom contacted counsel for Black Hills

Molding requesting discovering of the six categories of documents pertinent to

the present dispute, which Black Hills Molding stated it possessed in its

January 18, 2013, initial disclosures.  <u>See</u> Docket No. 28-4.  On May 30, 2013,

counsel for Brandom Holdings served on Black Hills Molding its first set of

interrogatories, requests for production ("RFPs"), and requests for admission

("RFAs").  <u>See</u> Docket No. 28-1.  Brandom's May 30, 2013 discovery requests

consisted of ten interrogatories,[1] fifteen RFPs, and nine RFAs.  <u>Id.</u>  Following

Black Hills Molding's failure to respond to the discovery requests, Brandom

Holding's local counsel requested the same via telephone on June 6 and 7,

2013, and in writing on June 7 and 13, 2013.  <u>Id.</u>

_____

[1] With the exception of interrogatory four and seven, regarding the
identification of inventory, each of Brandom's ten interrogatories took the same
two-prong form: a question was posed to Black Hills Molding, followed by a
subpart (a) requesting Black Hills to "[s]tate all facts that support your
contention," and a subpart (b) requesting Black Hills Molding to "[i]dentify all
documents that support your contention."  <u>See</u> Docket No. 28-1.

On June 25, 2013, counsel for Brandom, by letter, requested that Black Hills Molding supplement its initial disclosures. <u>See</u> Doc. 28-4. Notably, Brandom's letter stated that it was "a follow-up to my voice mail and e-mail messages to you as of today regarding Plaintiff's failure to produce documents identified in Plaintiff's initial disclosures and *my good faith attempt to resolve this dispute as required by local rule 37.1*." <u>Id.</u> (emphasis added). In this letter, Brandom's counsel proposed delaying the deposition of Black Hills Molding's corporate representative until July 9-11, 2013, in an effort to allow Black Hills Molding adequate time to provide Brandom with the requested discovery in advance of the deposition. <u>See</u> <u>id.</u>

On June 26, 2013, Brandom's counsel served a Second Amended Notice of a Federal Rule of Civil Procedure 30(b)(6) deposition on Black Hills Molding, which was scheduled for July 11, 2013. <u>See</u> Docket 28-5. Brandom Holding's 30(b)(6) deposition was coupled with a subpoena *duces tecum*, instructing the corporate representative of Black Hills Molding to "bring with them to the deposition all documents (a) that they review between now and their deposition to prepare to testify on the foregoing subjects, or (b) that contain information responsive to the foregoing subjects." <u>Id.</u>

On June 28, 2013, counsel for Black Hills Molding requested that it be given until the close of business on July 2, 2013, a three-day extension,[2] to

---

[2] Pursuant to the District Court's scheduling order, Black Hills Molding was allowed thirty days to respond to Brandom's May 30 discovery requests, <u>see</u> Docket No. 22, which imposed a June 29, 2013 deadline by which Black Hills Molding, absent an extension agreed upon by Brandom, was required to respond to Brandom's May 30 discovery requests.

respond to Brandom's May 30 discovery requests. <u>See</u> Docket No. 28-6. Brandom granted the extension, and, on July 2, 2013, Black Hills Molding provided Brandom with 534 pages of documents sent via email. <u>See</u> Docket No. 29; <u>see also</u> Docket No. 28-7.

However, it was not until July 3, 2013, one day after the expiration of the three-day extension, that Black Hills Molding served its responses to Brandom's May 30 discovery requests on Brandom. <u>See</u> Docket No. 28-7. Specifically, Black Hills Molding admitted to RFAs one, two, and four; denied RFAs three, five, six, seven, and eight with an explanation; and denied RFA nine without an explanation. <u>See</u> Docket No. 28-7.

With respect to the interrogatories, Black Hills Molding responded by referring Brandom to the entirety of its July 2 email disclosures[3] on fourteen of the twenty-one total sub-questions posed. <u>See</u> Docket No. 28-7. Black Hills Molding's responses, with the exception of those offered in sub-question (a) of both interrogatory eight and nine, provide little—if any support—or context for the response given. <u>See, e.g.</u>, Docket No. 28-7. Similarly, Black Hills Molding responded to every one of Brandom's RFPs by answering: "[s]ee BH Molding 1-534,"[4] "[w]e are still looking for these,"[5] "[t]hese will be provided when the invoices are prepaid,"[6] or "[s]ee BH Molding 534."[7] <u>See</u> Docket No. 28-7. Black Hills Molding's responses to Brandom's ten interrogatories were signed only by

---

[3] In these instances, Black Hills Molding interrogatory responses took the form of, "ANSWER: See BH Molding 1–534." Docket No. 28-7.
[4] Brandom Request for Production 1–7, 9–13.
[5] Brandom Request for Production 8.
[6] Brandom Request for Production 14.
[7] Brandom Request for Production 15.

its counsel.  <u>See</u> Docket No. 28-7.  No agent of Black Hills Molding signed its responses to Brandom's interrogatories.

On July 11, 2013, pursuant to the second amended deposition notice, <u>see</u> Docket No. 28-5, Brandom began the deposition of David Mallams, the corporate representative of Black Hills Molding.  Docket No. 28-8.  However, Brandom suspended the deposition of David Mallams[8] after only ninety minutes and refused to depose Greg Mallams.  <u>Id.</u>  Brandom, in its motion to compel and without objection from Black Hills Molding, asserted that Mr. David Mallams failed to bring the documents requested in the subpoena *duces tecum.*  <u>Id.</u>

On July 16, 2013, following the failed July 11 deposition attempt, counsel for Brandom contacted Black Hills Molding via letter with a stated purpose of providing a "good-faith attempt to resolve this dispute as required by Local Rule 37.1."  Docket No. 28-8.  In this letter, Brandom proposed a three-step process whereby Black Hills Molding would supplement its interrogatory responses and document production efforts by July 30, 2013, the suspended deposition of Black Hills Molding's corporate representatives would be reconvened by prior to August 31, 2013, and both Black Hills Molding and Brandom would file an agreed upon motion to extend the court's discovery motion filing deadline from July 31, 2013 to September 30, 2013.  <u>See</u> <u>id.</u>

---

[8] The court notes that it is interpreting "Mr. Mullins," <u>see</u> Docket No. 29, page 5, to be the same person as "Mr. David Mallams" who defendant identified earlier, on the same page, to be Black Hills Molding's corporate representative. <u>Id.</u>

Brandom's July 16 letter to Black Hills Molding was Brandom's final attempt to resolve the discovery dispute without court intervention. Id. To that end, Brandom informed Black Hills Molding that unless it agreed to the proposed terms by July 18, 2013 at 5:00 p.m. Central Time, Brandom would file a motion to compel discovery from Black Hills Molding. Id.

On July 18, 2013, Black Hills Molding responded to Brandom's July 16 letter. Black Hills Molding's response was limited to the six deficiencies Brandom alleged regarding its initial disclosures. Notably, Black Hills Molding claimed that "some" of its disclosed documents were responsive both as initial disclosures and as responses to specific discovery requests. See Docket No. 28-9. In response to Brandom's first alleged initial disclosure deficiency, Black Hills Molding stated that the 534 pages of emails, which it provided to Brandom via email on July 2, 2013, containing correspondence between Black Hills Molding and either Brandom Holdings, LLC or Brandom Southwest, LP,[9] were dual purposed and should be considered both as part of Black Hills Molding's initial disclosures and as responsive to Brandom's specific requests for documents. Id.

In response to Brandom's second alleged initial disclosure deficiency, Black Hills Molding stated that the aforementioned 534 pages of emails "also reflect Holdings and Southwest's purchase of cabinetry components." Id. In response to Brandom's third alleged initial disclosure deficiency, Black Hills

_____

[9] Brandom Southwest, LP had a pre-existing relationship with Black Hills Molding, until October 15, 2009 when Brandom Holdings, LLC purchased Brandom Southwest, LP, at which point Brandom Holdings, LLC continued to transact business with Black Hills Molding.

Molding provided new invoices from Black Hills Molding to either Brandom Holdings, LLC or Brandom Southwest, LP.  Id.  (referencing "BH Moldings 542 through 560").  Black Hills Molding also noted "that Tammy's computer contained some of the invoices but those were deleted prior to this litigation beginning."  Id.  Additionally, Black Hills Molding provided Brandom with a copy of the "Non-circumvention & Sales Agreement."  Id.

On July 25, 2013, Brandom filed a motion compelling Black Hills Molding to respond fully and completely to its discovery requests, to make its corporate representative available to be deposed at a mutually agreeable time and location, and seeking the reasonable attorney's fees it incurred in filing its motion to compel.  See Docket No. 26.  Brandom also sought an order of the court deeming its RFAs to be admitted by Black Hills Molding because those responses were one day late.  Id.  Shortly thereafter, on August 14, 2013, Black Hills Molding filed a motion resisting Brandom's motion to compel discovery and moving the court to deem its July 3, 2013, responses to the defendant's RFAs as timely.  See Docket No. 33.

## DISCUSSION

### A.    Meet-and-Confer Requirement

Under Federal Rule of Civil Procedure 37(a)(4), a party's "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).  A party requesting the discovery is entitled to move for a motion compelling disclosure after having

made a good faith effort to resolve the dispute by first conferring with the other party. A motion to compel answers to interrogatories or requests for the production of documents is governed by Federal Rule of Civil Procedure 37. That rule provides, in pertinent part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1).

Likewise, the local rules in this district require the movant to identify the efforts already taken to resolve the dispute without court involvement. Specifically, "[a] party filing a motion concerning a discovery dispute shall file a separate certification describing the good faith efforts of the parties to resolve the dispute." See D.S.D. LR 37.1.

Prior to seeking an order from this court compelling discovery, Brandom's counsel repeatedly and in good faith contacted the counsel of Black Hills Molding seeking discovery without court intervention. Brandom has contacted Black Hills Molding no less than seven times, including in-person conversations, telephone, email, and letter, in an effort to gain access to the discovery material that is the basis of this motion. See Docket No. 28. In fact, Brandom's June 25, 2013, and July 16, 2013, letters to Black Hills Molding specifically reference that the letters represented Brandom's "good faith attempt to resolve this dispute as required by Local Rule 37.1." Docket No. 28-

8

4; see also Docket No. 28-8.  Brandom waited until July 25, 2013, seven days

after the expiration of the deadline that Black Hills Molding was given to accept

Brandom's proposed resolution, before filing this motion to compel discovery.

See Docket No. 28-8, 26.

To date, Black Hills Molding has not addressed, and apparently takes no

issue with, Brandom's representations regarding its attempts to contact it and

resolve the discovery dispute without court intervention.  Accordingly, the court

finds that Brandom has satisfied the good faith, meet-and-confer prerequisite

to filing the instant discovery motion.  See FED. R. CIV. P. 37(a)(1); D.S.D LR

37.1.

**B.    Standard Applicable to Discovery in Federal Court**

**1.    General Scope**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery

in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is
> as follows:  Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or
> defense—including the existence, description, nature, custody,
> condition, and location of any documents or other tangible things
> and the identity and location of persons who know of any
> discoverable matter.  For good cause, the court may order
> discovery of any matter relevant to the subject matter involved in
> the action.  Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence.  All discovery is subject to the
> limitations imposed by Rule 26(b)(2)(C).

FED. R. CIV. P. 26(b)(1).  Rule 26 contains specific limitations relative to

electronic discovery and other objections to providing discovery:

(B)   *Specific Limitations on Electronically Stored Information.*  A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify the conditions for the discovery.

(C)   *When Required.*  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

<u>See</u> FED. R. CIV. P. 26(b)(2)(B) and (C).

      The scope of discovery under Rule 26(b) is extremely broad.  <u>See</u> 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2007, at 118–24 (3d ed. 2010).  The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession." <u>Id.</u> at 120 (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)).  The Federal Rules

distinguish between discoverability and admissibility of evidence.  FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2).  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  However, these considerations are not inherent barriers to discovery.  Discoverable information need not be admissible at trial; rather, "discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence."  See FED. R. CIV. P. 26(b)(1) Advisory Committee's Notes, 2000 Amendment.

### 2.    Relevancy

As stated above, Federal Rule of Civil Procedure 26 permits discovery of anything relevant to a claim or defense at issue in the case.  The Advisory Committee's note to the 2000 amendments to Rule 26(b)(1) provides guidance on how courts should define the scope of discovery in a particular case:

> Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible.

> The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.  The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision.  A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action.  For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard. . . . In each instance, the determination whether such information is discoverable because it is relevant to the claims or defenses

11

depends on the circumstances of the pending action.

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. . . . When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

See FED. R. CIV. P. 26(b)(1) Advisory Committee's Notes, 2000 Amendment.

The same Advisory Committee's note further clarifies that information is discoverable only if it is relevant to the claims or defenses of the case or, upon a showing of good cause, to the subject matter of the case. Id. Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. "Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" E.E.O.C. v. Woodmen of the World Life Ins. Soc'y, No. 08:03-CV-165, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

The party seeking "discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its

importance to their case." Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).  With these standards in mind, the court turns to the discovery requests made by Brandom to Black Hills Molding that are the subject of this dispute.

### 3. Plaintiff Waived the Right to Object to Defendant's Discovery Requests

Under Federal Rule of Civil Procedure 33(b)(4), if not timely asserted, objections to discovery requests are waived, unless the court finds good cause to excuse the failure to object.  See, e.g., Janis v. Nelson, No. 09-5019, 2009 WL 5216898, at *8 (D.S.D. Dec. 30, 2009); Delaney v. Ashcraft, No. 05-6045, 2006 WL 2080023, at *1 (W.D. Ark. July 25, 2006).  Neither Black Hills Molding nor its counsel objected to any of the interrogatories or RFPs propounded by Brandom.  Furthermore, the time during which Black Hills Molding could have made objections has lapsed, and there is an absence of good cause appearing in the record to excuse the plaintiff's failure to timely object.  See Docket No. 28.  Accordingly, to the extent the plaintiff had objections to Brandom's discovery requests, the plaintiff has waived the right to object.  FED. R. CIV. P. 33(b)(4).

Black Hills Molding has also failed to sign its responses to Brandom's interrogatories in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5).  FED. R. CIV. P. 33(b)(5).  Under the Federal Rule of Civil Procedure, interrogatories must be signed, under oath, by the party itself, not the party's lawyer.  See FED. R. CIV. P. 33(b)(3) and (5) (the *party* must answer each

13

interrogatory separately and fully in writing under oath—the attorney signs only as to objections that are interposed). Therefore, plaintiff's responses to interrogatories are invalid on procedural grounds, regardless of the substance of the answers given. The court now turns to the substance of the specific discovery requests made by Brandom Holdings.

### 4. Plaintiff's Interrogatories and Request for Production

Brandom Holding's interrogatories and RFPs requested responses to ten interrogatories and fifteen RFPs. Docket No. 28-1. Black Hills Molding failed to object to any of Brandom's interrogatories or RFPs. See Docket No. 28-7. As previously noted, the plaintiff has largely failed to address any of the interrogatories or RFPs. Most often, Black Hills Molding merely refers Brandom to the entirety of its document production. See Docket No. 28-7. Despite the defendants' lack of objection to the discovery requests, the court is obliged to discuss the relevancy and scope of Brandom's discovery requests with respect to the standards set forth above. As stated above, the scope of discovery under Rule 26(b) is extremely broad. See supra. With this in mind, each of Brandom's discovery requests is identified and the sufficiency of each of Black Hills Molding's corresponding responses is evaluated in turn.

### a. Brandom Holdings' Interrogatories

### i. Interrogatories 1-3

INTERROGATORY NO.1: If you contend that Brandom Holdings, LLC is a party to Exhibit A, please:

    (a) State all facts that support your contention; and

[ANSWER: BH Molding 1–534.]

(b) Identify all documents that support your contention.

[ANSWER: BH Molding 1–534.]

INTERROGATORY NO. 2: If you contend that Brandom Holdings, LLC is bound by the terms of Exhibit A, please:

(a) State all facts that support your contention; and

[ANSWER: See complaint and BH Molding 1–534.]

(b) Identify all documents that support your contention.

[ANSWER: See BH Molding 1–534.]

INTERROGATORY NO. 3: If you contend that Brandom Holdings, LLC assumed the obligations of Brandom Southwest, LP under Exhibit A, please:

(a) State all facts that support your contention; and

[ANSWER: Yes see the emails from Phyliss Brennen, David Harvick and Joe Parziale wherein they question what Brandom Holdings is obligated for.]

(b) Identify all documents that support your contention.

[ANSWER: See BH Molding 1–534.]

Brandom's first, second, and third interrogatories seek to elicit information regarding Black Hills Molding's assertion that Brandom is a party to or is bound by the July 10, 2006, Non-circumvention & Sales Agreement. Interrogatories one, two, and three are contention interrogatories. A contention interrogatory should not be conflated with a fact-based interrogatory. A fact-based interrogatory seeks to identify witnesses and documents bearing on the allegations. In re Grand Casinos, Inc., Sec. Litig., 181 F.R.D. 615, 618 (D.

Minn. 1998).

A contention interrogatory, on the other hand, "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." Id. (quoting McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996) (internal quotation marks omitted)). "As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." FED. R. CIV. P. 33, Advisory Committee Notes. 1970 Amendment. A court found that "[i]nterrogatories seeking to elicit what a party's contentions will be at the time of trial are not objectionable, as responses to these questions will help narrow the issues to be tried." Leksi, Inc. v. Fed. Ins. Co., 129 F.R.D. 99, 107 (D.N.J. 1989) (citing Anderson v. United Airlines, Inc., 49 F.R.D. 144, 148 (S.D.N.Y. 1969)). Moreover, another court found that a contention interrogatory requires a response where the interrogatory "eliminates unnecessary testimony, avoids wasteful preparation, narrows the issues, leads to relevant evidence or generally expedites fair disposition of the lawsuit and serves any other substantial purpose sanctioned by discovery." McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 59 (E.D. Pa. 1979) (citing Leumi Fin. Corp. v. Hartford Accident & Indemnity, Co., 295 F. Supp. 539 (S.D.N.Y. 1969)). Therefore, although a party has an obligation to identify witnesses and documents bearing on the

suit, that party's discovery obligations are not yet satisfied where relevant contention interrogatories remain unanswered.

The information Brandom seeks in interrogatories 1-3 is relevant to the claims of Black Hills Molding. Whether or not Brandom is contractually obligated under the Non-circumvention & Sales Agreement bears on Brandom's defensive strategies at trial, as well as the evidence it is required to produce to rebut Black Hills Molding's allegations. Black Hills Molding is also not overly burdened by requiring answers responsive to Brandom's first, second, and third interrogatories. The court requires more from Black Hills Molding than a reference to the entirety of its document production. Therefore, Brandom's motion to compel a response to its first, second, and third interrogatories is granted. Black Hills Molding is also ordered to sign amended interrogatory responses in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5).

### ii.      Interrogatories 4-5

INTERROGATORY NO. 4: If you contend that Black Hills Molding, Inc. purchased inventory in reliance on statements made by Brandom Holdings, LLC, including drawer stocking plans, please:

(a) Identify the inventory;

[ANSWER: See BH Molding 528.]

(b) State all facts that support your contention; and

[ANSWER: See BH Molding 1–534.]

(c) Identify all documents that support your contention.

[ANSWER: See BH Molding 1–534.]

INTERROGATORY NO. 5: If you contend that Brandom Holdings,

LLC directed Black Hills Molding, Inc. to purchase the inventory made the basis of this suit, please:

(a) State the facts that support your contention; and

[ANSWER: See BH Molding 1–534.]

(b) Identify all documents that support your contention.

[ANSWER: See BH Molding 1–534.]

Brandom's fourth and fifth interrogatories are contention interrogatories seeking to elicit information regarding the statements or directions of Brandom that Black Hills Molding relied upon when purchasing the inventory in question. Additionally, interrogatories four and five direct Black Hills Molding to identify the inventory it purchased in reliance on Brandom's alleged statements and directions.

Information bearing on the statements and directions that Black Hills Molding relied upon in purchasing the inventory that forms the basis of this suit is directly relevant to Brandom's defense to Black Hills Molding's claims. In order for Brandom to mount a cogent defense to either of Black Hills Molding's breach of contract claim or promissory estoppel claim, it must be provided with the alleged statements and directions, as well as the inventory purchased in reliance on those statements. Brandom, without knowledge of the specific statements and actions giving rise to the claims or the alleged inventory purchased, would be handicapped in its ability to mount a defense to Black Hills Molding's allegations. More is required of Black Hills Molding than merely referring Brandom, in most cases, to the entirety of its document

18

production.  Black Hills Molding must provide specific, responsive answers to Brandom's fourth and fifth interrogatories.  This requirement is not unduly burdensome to Black Hills Molding.  Accordingly, Brandom's motion to compel responses to interrogatories four and five is granted.  Black Hills Molding is also ordered to sign amended interrogatory responses in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5).

### iii.   Interrogatories 6-8

INTERROGATORY NO. 6: If you contend that Brandom Holdings, LLC has not paid Black Hills Molding, Inc. for product ordered by Brandom Holdings, LLC from Black Hills Molding, Inc., please:

(a) State the facts that support your contention; and

[ANSWER: See BH Molding 1–534.]

(b) Identify all documents that support your contention.

[ANSWER: See BH Molding 1–534.]

INTERROGATORY NO. 7: For the inventory made the basis of this suit, please:

(a) Identify the date(s) on which the inventory was ordered; and

[ANSWER: See BH Molding 532 and 533.]

(b) Identify whether the inventory was ordered by Brandom Southwest, LP or Brandom Holdings, LLC.

[ANSWER: Ordered by Brandom Holdings.]

INTERROGATORY NO. 8: If you contend that Black Hills Molding, Inc. has mitigated or attempted to mitigate its alleged damages in this suit, please:

(a) State the facts that support your contention; and

[ANSWER: Yes to date Black Hills Molding has sold 647

pieces of item BF725RL7¼" height by x 4' long 1-E. random Length material.]

(b) Identify all documents that support your contention.

[ANSWER: When the invoices are prepaid we will provide them.]

Brandom's sixth, seventh, and eighth interrogatories are contention interrogatories seeking to elicit information bearing on the Black Hills Molding's alleged damage calculations. Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii),

a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii).

With respect to the sixth interrogatory, Brandom is seeking information bearing on the amount and methods by which Black Hills Molding is calculating its alleged damages. Such information is directly relevant to Brandom's determination of how Black Hills Molding is calculating its alleged damages in the instant suit. In order for Brandom to independently verify or accurately calculate the damages Black Hills Molding suffered, it must be made aware of the methods by which Black Hills Molding is calculating its injury. Black Hills Molding's answer referring Brandom to the entirety of its document production is not responsive to the interrogatory. Moreover, Black Hills is not be unduly burdened by the task of collecting and disclosing the same—it will

ultimately have to clear this hurdle at trial in any event. Accordingly, Brandom's motion to compel Black Hills Molding's response to interrogatory six is granted. Black Hills Molding is also ordered to sign an amended interrogatory response in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5).

Interrogatory seven, like interrogatory six, seeks to elicit information bearing on the method by which Black Hills Molding calculates its alleged damages. Brandom, through the identification of the dates on which the inventory in question was ordered and the specification of which Brandom business entity is alleged to have placed the order, is attempting to identify the specific inventory that Black Hills Molding claims as the basis of its damage calculation. This information is relevant to the identification of the means by which Black Hills Molding is computing its damages, which is discoverable under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

Black Hills Molding's response referring Brandom to two shipping labels, see Docket No. 28-10, page 5–6, while helpful with respect to those two specific shipments, fails to adequately identify the purchase orders documented on Black Hills Molding March 1, 2012 Invoice. See Docket No. 28-11. Moreover, the referenced shipping labels provide only the date on which the inventory was shipped, not the date on which it was *ordered*, which the interrogatory requested. See Docket No. 28-1, page 6. This distinction is self-evident, Brandom is seeking verification that the purchase order in fact exists, not

merely that Black Hills Molding shipped inventory to it.  Black Hills Molding is

not unduly burdened by this request.  Accordingly, Brandom's motion to

compel Black Hills Molding's response to interrogatory seven is granted.  Black

Hills Molding is also ordered to sign an amended interrogatory response in

accordance with Federal Rule of Civil Procedure 33(b)(5).

With respect to interrogatory eight, Brandom raises no objection to the

Black Hills Molding's response therein.  <u>See</u> Docket No. 29.  Accordingly, the

court will require no further action with regard to interrogatory eight, except to

remind Black Hills Molding of its ongoing duty to supplement its disclosures

when the relevant invoices are prepaid or when other steps to mitigate are

taken.  <u>See</u> FED. R. CIV. P. 26(e)(1)(A).  However, Black Hills Molding is required

to sign an amended interrogatory response in accordance with Federal Rule of

Civil Procedure 33(b)(3) and (5).

### iv.    Interrogatory 9-10

INTERROGATORY NO. 9: If you contend that Black Hills Molding,
Inc. provided Brandom Holdings, LLC with a copy of the Brandom
Southwest LP Non-circumvention & Sales Agreement dated July
10, 2006, attached hereto as Exhibit A, prior to March 12, 2012,
please:

(a) State the facts that support your contention; and

[ANSWER: No Black Hills Molding never provided Brandom
Holdings with a copy of the Non-circumvention & Sales
Agreement, Brandom never asked for such an agreement.
However, Matt Collins the purchase manager in 2009 and
his father Andy Collins were both with Brandom Southwest
and thereafter Brandom Holdings. Matt Collins was the
purchase manager during the transition from Southwest to
Holdings and Andy Collins, the person who signed the Non-
circumvention & Sales Agreement was the President of

22

Southwest and is now believed to be a shareholder of Holdings.]

(b) Identify all documents that support your contention.

[ANSWER: See BH Molding 1–534 and Non-circumvention and Sales Agreement.]

INTERROGATORY NO. 10: If you contend that Black Hills Molding, Inc. informed Brandom Holdings, LLC about the existence of the Brandom Southwest LP Non-circumvention & Sales Agreement dated July 10, 2006, attached hereto as Exhibit A, prior to March 12, 2012, please:

(a) State the facts that support your contention; and

[ANSWER: See BH Molding 1–534.]

(b) Identify all documents that support your contention

[ANSWER: See BH Molding 1–534.]

Brandom's ninth and tenth interrogatories seek to elicit information from Black Hills Molding regarding whether Brandom Holdings, LLC or its predecessor, Brandom Southwest, LP, were either informed of or provided a copy of the Brandom Southwest LP Non-circumvention & Sales Agreement. Information regarding whether Brandom is contractually obligated to purchase the inventory in question bears directly on Brandom's choice of defense and proof required to rebut the alleged breach of contract claim. Therefore, the interrogatories are relevant and within the scope of discovery.

With respect to interrogatory nine, Brandom raises no objection to the Black Hills Molding's response therein. See Docket No. 29. Accordingly, the court will require no further action with regard to interrogatory nine, except

that Black Hills Molding must sign an amended interrogatory responses in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5).

With respect to interrogatory ten, Black Hills Molding referred Brandom to the entirety of its document production. This is an overly broad and unresponsive answer to the interrogatory. Moreover, Black Hills Molding is not unduly burdened by the task of responding to and providing supporting documentation that it informed Brandom of the July 10, 2006, Brandom Southwest LP Non-circumvention & Sales Agreement prior to March 12, 2013. Accordingly, Brandom's motion to compel Black Hills Molding's response to interrogatory ten is granted. Additionally, Black Hills Molding is ordered to sign the amended interrogatory response in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5).

### b. Brandom Holding's Requests for Production

### i.    Request for Production 1

REQUEST FOR PRODUCTION NO. 1: Please produce all documents identified in your responses to Defendant Brandom Holdings, LLC's First Set of Interrogatories.

[ANSWER: See BH Molding 1–534.]

Brandom's first RFP seeks the production of the documents identified by Black Hills Molding in its responses to Brandom's interrogatories. Black Hills Molding responded by referring Brandom to the entirety of its document production. This is not a sufficient response as the court has already found each of Brandom's ten interrogatories to be relevant to the issues of the case.

See supra Part 4.a.i–iv.  As such, following Black Hills Molding responding to

Brandom's interrogatories in accordance with this order, any document

identified in the amended response to an interrogatory must be identified and

provided to Brandom if it has not already been produced.  Black Hills Molding

is not unduly burdened by the task of producing these documents.  Therefore,

Brandom's motion to compel information responsive to RFP one is granted.  If

Black Hills Molding cannot produce the requested documents, it must

conclusively state that it does not possess them.

### ii.    Request for Production 2-3

REQUEST FOR PRODUCTION NO. 2: Please produce all
documents comprising or reflecting communications between
Black Hills Molding, Inc. and Brandom Southwest, LP for the
period of 2006 through 2009.

[ANSWER: See BH Molding 1–534.]

REQUEST FOR PRODUCTION NO. 3: Please produce all
documents comprising or reflecting communications between
Black Hills Molding, Inc. and Brandom Holdings, LLC for the
period of 2009 through the inception of this litigation.

[ANSWER: See BH Molding 1–534.]

In RFP two and three, Brandom seeks the production of all documents

comprising or reflecting communications between Black Hills Molding and

Brandom Southwest, LP from 2006 through 2009 and between Black Hills

Molding and Brandom Holdings, LLC from 2009 through the inception of the

current litigation.  Communications between Brandom and Black Hills Molding

are clearly relevant to claims and defenses of the present dispute.  See FED. R. CIV. P. 26(b)(1).

Here, Black Hills Molding referred Brandom to the entirety of its document production, which "consist[s] only of an incomplete set of emails, all dated between 2009 and 2012." Docket No. 29 (The court notes that Black Hills Molding made no objection to this characterization of its document production in its response brief.).  Although certain documents within the referenced amalgamation of emails are responsive to the RFPs, Black Hills Molding's response is deficient and must be supplemented.[10]  Black Hills Molding is not unduly burdened by the production of these documents.  Therefore, Brandom's motion to compel documents responsive to RFP two and three is granted.  If Black Hills Molding cannot produce the requested documents, it must conclusively state that it does not possess them.

### iii.   Request for Production 4-7

REQUEST FOR PRODUCTION NO. 4: Please produce all documents comprising or reflecting orders of product from Black Hills Molding, Inc. by Brandom Southwest, LP for the period of 2006 through 2009.

[ANSWER: See BH Molding 1–534.]

REQUEST FOR PRODUCTION NO. 5: Please produce all documents comprising or reflecting payment for orders of product

---

[10] For example, the court has already found that Black Hills Molding's answers to interrogatories four, five, seven, and ten to be unresponsive.  See supra Part 4.a.i–iv.  A responsive answer to these interrogatories will likely include information, communications, or documents not contained in Black Hills Molding's initial 534 page disclosure.  To the extent additional communications between Black Hills Molding and Brandom Holdings, LLC and Brandom Southwest, LP are found and/or referenced, they must be produced.

from Black Hills Molding, Inc. by Brandom Southwest, LP for the period of 2006 through 2009.

[ANSWER: See BH Molding 1–534.]

REQUEST FOR PRODUCTION NO. 6: Please produce all documents comprising or reflecting orders of product from Black Hills Molding, Inc. by Brandom Holdings, LLC for the period of 2009 through the inception of this litigation.

[ANSWER: See BH Molding 1–534.]

REQUEST FOR PRODUCTION NO. 7: Please produce all documents comprising or reflecting payment for orders of product from Black Hills Molding, Inc. by Brandom Holdings, LLC for the period of 2009 through the inception of this litigation.

[ANSWER: See BH Molding 1–534.]

In RFP four, five, six, and seven, Brandom seeks the production of documents from Black Hills Molding regarding Brandom's orders and payments for orders from 2006 through the inception of the current litigation, whether those orders or payments were made by Brandom Southwest, LP or by Brandom Holdings, LLC. In each RFP, Black Hills Molding referred Brandom to the entirety of its document production. See Docket No. 28-7, pg. 6–7. Again, this information is relevant to the claims and defenses of the suit. See FED. R. CIV. P. 26(b)(1). Brandom is seeking to obtain information relevant to Black Hills Molding's allegation that Brandom is obligated to purchase the excess inventory plaintiff purchased for Brandom.

Black Hills Molding is not unduly burdened by the production of these documents. Therefore, Brandom's motion to compel documents responsive to RFP four, five, six and seven is granted. If Black Hills Molding cannot produce

the requested documents, it must conclusively state that it does not possess
them.

### iv.　　Request for Production 8

REQUEST FOR PRODUCTION NO. 8: Please produce all internal
emails of Black Hills Molding, Inc. from 2006 through the
inception of this litigation that include any reference to Brandom
Southwest, LP.

[ANSWER: We are still looking for these.]

RFP eight seeks all Black Hills Molding internal emails making any
reference to Brandom Southwest, LP. Black Hills Molding responded by
notifying Brandom that it is still looking for the emails in question. Black Hills
Molding did not object to this request as unduly burdensome. See Docket No.
28-7, page 7. Over four months has elapsed since Black Hills Molding provided
this response. The court finds that sufficient time has passed for Black Hills
Molding to locate the relevant emails. Therefore, Brandom's motion to compel
information responsive to RFP eight is granted. If Black Hills Molding cannot
produce the requested documents, it must conclusively state that it does not
possess them.

### v.　　Request for Production 9-10

REQUEST FOR PRODUCTION NO. 9: Please produce all
documents comprising, related to, or reflecting drawer stocking
plans from Brandom Southwest, LP to Black Hills Molding, Inc.

[ANSWER: See BH Molding 1–534.]

REQUEST FOR PRODUCTION NO. 10: Please produce all
documents comprising, related to, or reflecting drawer stocking
plans from Brandom Holdings, LLC to Black Hills Molding, Inc.

[ANSWER: See BH Molding 1–534.]

In RFP nine and ten, Brandom seeks the production of documents concerning the drawer stocking plans that Black Hills Molding used for Brandom, including both Brandom Southwest, LP and Brandom Holdings, LLC. This information is relevant both to Brandom's defense of Black Hills Molding's claims and in identifying the basis by which Black Hills Molding is calculating its damages. See FED. R. CIV. P. 26(a)(1)(A)(iii) and (b)(1).

Black Hills Molding responded by referring Brandom to the entirety of its document production. Information regarding the drawer stocking plans of Black Hills Molding may bear on whether Brandom was in fact obligated to purchase the inventory, and, if Brandom was obligated to purchase the inventory, the extent thereof. Black Hills Molding is not unduly burdened by the production of these documents. Accordingly, Brandom's motion to compel information responsive to RFP nine and ten is granted. If Black Hills Molding cannot produce the requested documents, it must conclusively state that it does not possess them.

### vi.    Request for Production 11

REQUEST FOR PRODUCTION NO. 11: Please produce all internal emails of Black Hills Molding, Inc. from 2006 through the inception of this litigation that include any reference to Brandom Holdings, LLC.

[ANSWER: See BH Molding 1–534.]

In RFP eleven, Brandom seeks the production of documents representing all of Black Hills Molding's internal emails containing any to reference

Brandom Holdings, LLC from 2006 through the inception of the current litigation. Black Hills Molding responded by referring Brandom to the entirety of its document production.

Black Hills Molding internal emails referencing Brandom are relevant under Federal Rule of Civil Procedure 26(b)(1) because the disclosure of such emails is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Moreover, Black Hills Molding did not object to this request as unduly burdensome. See Docket No. 28-7, page 7. Thus, Brandom's motion to compel information responsive to RFP eleven is granted. If Black Hills Molding cannot produce the requested documents, it must conclusively state that it does not possess them.

### vii.    Request for Production 12-13

REQUEST FOR PRODUCTION NO. 12: Please produce all documents related to the Brandom Southwest LP Non-circumvention & Sales Agreement dated July 10, 2006, attached hereto as Exhibit A.

[ANSWER: See BH Molding 1–534.]

REQUEST FOR PRODUCTION NO. 13: Please produce all documents in which Black Hills Molding, Inc. communicated to Brandom Southwest [sic], LLC the existence of the Brandom Southwest LP Non-circumvention & Sales Agreement dated July 10, 2006, attached hereto as Exhibit A.

[ANSWER: See BH Molding 1–534.]

In RFP twelve and thirteen, Brandom seeks the production of documents related to the Brandom Southwest LP Non-circumvention & Sales Agreement. Under Federal Rule of Civil Procedure 26(b)((1), "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Brandom Southwest LP Non-circumvention & Sales Agreement is at the crux of the current litigation. Accordingly, any documents related to it or communicating its existence to Brandom are relevant to both Black Hills Molding's breach of contract and promissory estoppel claims, as well as Brandom's defense of the same. Black Hills Molding is not unduly burdened by the production of such documents. Therefore, Brandom's motion to compel documents responsive to RFP twelve and thirteen is granted. If Black Hills Molding cannot produce the requested documents, it must conclusively state that it does not possess them.

### viii.   Request for Production 14-15

REQUEST FOR PRODUCTION NO. 14: Please produce all documents reflecting your mitigation or attempted mitigate [sic] of the alleged damages made the basis of this suit.

[ANSWER: These will be provided when the invoices are prepaid.]

REQUEST FOR PRODUCTION NO. 15: Please produce all documents supporting your computation of damages.

[ANSWER: See BH Molding 534.]

In RFP fourteen, Brandom seeks the production of documents reflecting the mitigation or mitigation attempts made by Black Hills Molding with respect to the damages alleged in this suit. Black Hills Molding responded that any such documents "will be provided when the invoices are prepaid." Docket No. 28-7. Importantly, a party must disclose "the documents or other evidentiary

material . . . on which each computation is based, including material bearing on the nature and *extent* of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). Moreover, under Federal Rule of Civil Procedure 26(e)(1) (A), a party "*must* supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P.  26(e)(1)(A) (emphasis added).

Documents reflecting the mitigation or attempted mitigation efforts of Black Hills Molding bear on the extent of the damages it actually suffered with respect to the instant suit. Over four months have passed since Black Hills Molding provided this response, and it has not supplemented its answer. Black Hills Molding is not unduly burdened by the production of these documents. Therefore, Brandom's motion to compel documents responsive to RFP fourteen is granted. If Black Hills Molding cannot produce the requested documents, it must conclusively state that it does not possess them.

With respect to RFP fifteen, Brandom seeks the production of documents supporting Black Hills Molding's computation of damages. Black Hills Molding responded by referring Brandom to a single page of its document production. Docket No. 28-7, page 8. As previously noted, the basis by which Black Hills Molding computes its alleged damages is relevant to the current suit and should have been disclosed to Brandom as a part of Black Hill's Molding's initial disclosures. See FED. R. CIV. P. 26(a)(1)(A)(iii). Black Hills Molding is not

unduly burdened by the production of these documents.  To the extent Black

Hill's Molding's disclosure of the basis of its damage computation is deficient,

Brandom's motion to compel documents responsive to RFP fifteen is granted.  If

Black Hills Molding cannot produce the requested documents, it must

conclusively state that it does not possess them.

Additionally, to the extent that categories one through six of the initial

disclosures, as identified by Brandom in its motion to compel discovery

responses, <u>see</u> Docket No. 29, pg. 9, seek relevant information not already

requested in the above interrogatories and RFPs, Brandom's motion to compel

is granted.  If Black Hills Molding cannot produce the requested documents, it

must conclusively state that it does not possess them.

## C.    Timeliness of Plaintiff's Response to Defendant's Requests for Admission

For the reasons set forth below, the court finds that Black Hills Molding

denied Brandom's third, fifth, sixth, seventh, eighth, and ninth RFA.

Under Federal Rule of Civil Procedure 36(a)(3),

> "[a] matter is admitted unless, within 30 days after being served,
> the party to whom the request is directed serves on the requesting
> party a written answer or objection addressed to the matter and
> signed by the party or its attorney.  A shorter or longer time for
> responding may be stipulated to under Rule 29 or be ordered by
> the court.

FED. R. CIV. P. 36(a)(3); <u>see also</u> <u>Quasius v. Schwan Food Co.</u>, 596 F.3d 947,

950 (8th Cir. 2010).  "When a matter is admitted, it is 'conclusively established'

for purposes of the action, 'unless the court, on motion permits the admission

to be withdrawn or amended.'" Quasius, 596 F.3d at 947 (quoting FED. R. CIV. P. 36(b)).

However, the Eighth Circuit has generously interpreted a party's ability to amend and withdraw its admissions "on motion" under Rule 36(b). See id. at 951–52. Specifically, the Eighth Circuit has held that, "[t]o allow a late filing of answers (to a request for admissions) is the equivalent of allowing a party to withdraw admissions made by operation of Rule 36(a)." Warren v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 544 F.2d 334, 339 (8th Cir. 1976) (quoting Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (W.D. Mo. 1973) (comparing the late filing of responses to requests for admission when they were provided in conjunction with similar earlier denials (Warren) with a motion to file out of time answers to requests for admissions (Pleasant Hill)— both were admitted as timely)).

"Because the district court has the power to allow a longer time [for a response] . . . the court, in its discretion, may permit the filing of an answer that would otherwise be untimely." Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1313 (8th Cir. 1983) (citing Moosman v. Joseph P. Blitz Inc., 358 F.2d 686, 688 (2d Cir. 1966); Pleasant Hill Bank, 60 F.R.D. at 2–3; 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, supra § 2257, at 340–48). Thus, the court is not automatically required to deem all matters admitted. Gutting, 710 F.2d at 1312 (citations omitted); see also Manatt v. Union Pac. R.R. Co., 122 F.3d 514, 517 (8th Cir. 1997) (citations omitted). Rather, "[t]he

court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtains the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Warren v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 544 F.2d 334, 340 (8th Cir. 1976) (quoting Pleasant Hill Bank, 60 F.R.D. at 3) (internal quotation marks omitted); see also FED. R. CIV. P. 36(b). With regard to the second prong, "[t]he prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." Gutting, 710 F.2d at 1314 (quoting Brook Vill. N. Assocs. v. Gen. Electric Co., 686 F. 2d 66, 70 (1st Cir. 1982)).

In this case, Black Hills Molding failed to serve Brandom with its responses to Brandom's RFAs by the close of business on July 2, 2013, the mutually agreed upon, extended deadline for Black Hills Molding to respond. See Docket No. 28-6. Black Hills Molding served Brandom with its responses to the RFAs on July 3, 2013, one day after the stated deadline. Docket No. 28-7. Black Hills Molding also, in its reply to Brandom's motion to compel, requested this court to deem its responses to the RFAs as timely. Docket No. 33. This court finds that Black Hills Molding, by operation of Federal Rule of Civil Procedure 36(a)(3), has admitted to each of the RFAs by failing to serve its responses on Brandom within the agreed upon time.

However, in light of the Eighth Circuit's liberal interpretation of "on motion" under Federal Rule of Civil Procedure 36(b), see supra, this court will construe Black Hills Molding's day-late response to Brandom's RFAs, in conjunction with its subsequent request that its responses be deemed timely, as a motion before the court to withdraw its admission to Brandom's third, fifth, sixth, seventh, eighth, and ninth RFAs.[11]

As previously mentioned, the court is permitted to allow a party to withdraw or amend its RFA responses "when the presentation of the merits of the action will be subserved thereby and the party who obtains the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (W.D. Mo. 1973).

First, the court, by allowing Black Hills Molding to withdraw its admission to the third, fifth, sixth, seventh, eighth, and ninth RFA, is preserving the "presentation of the merits in issue." Id. The court, should it refuse to grant Black Hills Molding's withdrawal of admission to the third, seventh, eighth, and ninth RFA, would undercut the plaintiff's ability to demonstrate the merits of its breach of contract claim. Similarly, if the court denied Black Hills Molding request to withdraw its admission to the fifth, sixth, eighth, and ninth RFA, plaintiff's ability to demonstrate the merits of its promissory estoppel claim would be substantially impeded. The court finds

---

[11] The court notes that Black Hills Molding admitted to Brandom's first, second, and fourth RFAs, so it need not consider whether Black Hills Molding made a motion to withdraw its admission with respect to these RFAs. See Docket No. 28-7.

that "an unjustified suppression of the merits" of Black Hills Molding's claim would result if it refused to grant plaintiff's request to withdraw and amend the aforementioned RFA responses. Id. at 4.

Second, the court finds that Brandom is not prejudiced by Black Hills Molding's subsequent withdrawal and amendment of its RFA responses. Black Hill's Molding served its RFA responses on Brandom one day after the expiration of the agreed upon deadline. It is unlikely that Brandom faced a new "sudden need to obtain evidence required to prove the matter that had been admitted" following this *de minimus* one-day delay. See Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir. 1983). This is especially true when these RFAs were carefully drafted to elicit information bearing on the crux of Black Hills Molding's breach of contract and promissory estoppel claims, which Brandom has had notice of since June 12, 2012. See Docket No. 1-1. Accordingly, the court grants Black Hills Molding's request to withdraw and amend its responses to Brandom's third, fifth, sixth, seventh, eighth, and ninth RFAs with its July 3, 2013 responses.

**D.    Reconvening the Defendant's 30(b)(6) Deposition**

The Federal Rule of Civil Procedure 30(b)(6) Deposition between Brandom and Black Hills Molding's corporate representative, in conjunction with a subpoena *duces tecum* will be reconvened. The first Rule 30(b)(6) deposition between Brandom and Black Hills Molding's corporate representative was originally scheduled for June 28, 2013, but it was postponed until after the

discovery deadline to allow Black Hills Molding's counsel time to furnish discovery to Brandom in advance of the deposition. See Docket No. 28-6.

On June 26, 2013, Brandom issued a properly noticed Second Amended Notice of a Rule 30(b)(6) Deposition with an appropriate subpoena *duces tecum* scheduled for July 11, 2013. Docket No. 28-5. The subpoena *duces tecum* requested that the corporate representative for Black Hills Molding bring all documents reviewed in advance of the deposition, as well as all documents containing information bearing on the stated subjects. See supra. However, at the July 11, 2013 deposition, the Black Hills Molding corporate representative failed to bring with him any of the documents required by the subpoena *duces tecum*. See Docket 29, page 15.

After approximately ninety minutes of questioning, Brandom's counsel suspended the deposition. Id. Brandom's counsel stated that it was significantly hindered in its ability to fully depose Black Hills Molding's corporate representative due to the representative's failure to supply the requested documents, in accordance with the subpoena *duces tecum*. Id.

The court orders the Federal Rule of Civil Procedure 30(b)(6) deposition between Brandom and Black Hills Molding's corporate representative(s) reconvened at a mutually agreeable time and location, and the Black Hills Molding corporate representative(s) are ordered, under a subpoena *duces tecum*, to bring all documents to the deposition that were originally requested

by Brandom in its Second Amended Notice of Rule 30(b)(6) Deposition.  Docket

No. 28-5.

**E.    Sanctions in the Form of Attorney's Fees and Expenses**

Federal Rule of Civil Procedure 37(a)(5) provides, in pertinent part, as

follows:

> If the motion [to compel discovery] is granted—or if the disclosure
> or requested discovery is provided after the motion was filed—the
> court *must*, after giving an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion, the
> party or attorney advising that conduct, or both to pay the
> movant's reasonable expenses incurred in making the motion,
> including attorney's fees. But the court must not order this
> payment if:
>
> > (i)      the movant filed the motion before attempting in good
> >          faith to obtain the disclosure or discovery without
> >          court action;
> >
> > (ii)     the opposing party's nondisclosure, response, or
> >          objection was substantially justified; or
> >
> > (iii)    other circumstances make an award of expenses
> >          unjust.

See Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

The responsibility of a court to assess expenses, including attorney's

fees, is mandatory—the rule uses the word "must"—unless one of three

exceptions applies.  Id.  The first exception does not apply as counsel for

Brandom has certified to the court that it made good faith efforts to resolve this

matter without the court's intervention prior to filing the motion.  See Docket

Nos. 28-4, 28-8.  Brandom's counsel repeatedly, through in-person, letter,

telephonic, and electronic communications, contacted counsel for Black Hills

39

Molding with their discovery requests and proposed plans to resolve the discovery dispute prior to filing the instant motion to compel. See Docket No. 28.

Counsel for Black Hills Molding has engaged in a pattern of providing evasive and incomplete responses[12] to discovery requests in this case. See Docket No. 28. Notably, the vast majority of Brandom's May 30, 2013, discovery requests remain unanswered. See Docket No. 28-7. Additionally, Brandom's July 16, 2013 request to Black Hills Molding that it supplement its initial disclosures has gone largely unheeded. See Docket Nos. 28-8, 28-9.

Black Hills Molding has provided no indication to the court regarding the reasons it failed to appropriately respond to many of Brandom's discovery requests, which were served on May 30, 2013. Moreover, Black Hills Molding has failed to adequately supplement its January 18, 2013, initial disclosures. See Docket No. 28-8. Therefore, the court finds no substantial justification for Black Hills Molding's nondisclosure.

An award of expenses is not unjust under Federal Rule of Civil Procedure 37(a)(5)(A)(iii). Black Hills Molding has failed to provide answers responsive to Brandom's obviously relevant discovery requests. The information that Brandom has requested bears directly on many of the potential defenses it could raise in response to the claims brought by Black Hills Molding.

---

[12] See FED. R. CIV. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

Accordingly, Brandom's motion for reasonable expenses and attorney's fees incurred in filing this motion to compel is granted.

The court reminds Black Hills Molding that a failure to comply with this discovery order may result in sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), which can include the dismissal of claims or the entering of orders deeming certain matters admitted for purposes of trial or ordering certain evidence inadmissible at trial.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the defendant's motion to compel responses to its interrogatories, RFPs, RFAs, and initial disclosures [Docket No. 26] is granted in part and denied in part as described below:

(1) As to the interrogatories, plaintiff shall immediately serve amended responses to *all* of defendants' interrogatories in accordance with the above discussion. These amended responses must be signed, under oath, by the party itself in accordance with Federal Rule of Civil Procedure 33(b)(3) and (5). In addition, the substantive answers to the specific interrogatories discussed in the body of this opinion must be provided.

(2) In regards to the RFPs, defendant's motion to compel is granted in its entirety. If the plaintiff does not possess the requested documents, it must conclusively state as much.

(3) In regards to defendant's motion to compel information that
supplements plaintiff's initial disclosures, that motion is granted, to
the extent plaintiff has not already provided the information via its
amended responses to defendant's interrogatories or RFPs.

Plaintiff shall disclose its complete responses to the foregoing by no later than thirty days from the date of this order.  It is further

ORDERED that defendant's motion to deem as admitted the plaintiff's responses to defendant's RFAs is denied.  It is further

ORDERED that plaintiff's motion to have its responses to RFA three, five, six, seven, eight, and nine deemed denied [Docket No. 33] is granted.  Each of plaintiff's July 3, 2013, responses to defendants RFAs stands as stated by plaintiff.  It is further

ORDERED that the Federal Rule of Civil Procedure 30(b)(6) Deposition, with a subpoena *duces tecum* as to the corporate representative of Black Hills Molding, be reconvened at a mutually agreeable time and location.  It is further

ORDERED that the defendant shall be entitled to reasonable attorney's fees and costs for bringing this motion to compel.  Defendant shall file an affidavit with proof of service setting forth the time reasonably spent on this motion, the hourly rate requested for attorney's fees, and costs, as well as any factual matters pertinent to the motion for attorney's fees within fourteen (14) calendar days of this order.  Plaintiff shall file any and all objections to the allowance of fees within fourteen (14) calendar days after receipt of service of

defendant's motion and affidavit.  Plaintiff may, by counter affidavit, controvert any of the factual matters contained in defendant's motion and may assert any factual matters bearing on the award of attorney's fees.  D.S.D. LR 3054.1(C).  Defendant shall have seven (7) calendar days thereafter to file a reply.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2006).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  See FED. R. CIV. P. 72(a).  Objections must be timely and specific in order to require review by the district court.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990) (per curiam); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated November 19, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE