UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BLACK HILLS MOLDING, INC., | ) | CIV. 12-5051 |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART** |
| | ) | **AND DENYING IN PART** |
| vs. | ) | **DEFENDANT'S REQUEST** |
| | ) | **FOR ATTORNEY'S FEES** |
| BRANDOM HOLDINGS, LLC, | ) | [DOCKET NOS. 39 & 40] |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Previously, defendant Brandom Holdings, LLC (hereinafter "Brandom")
filed a motion to compel plaintiff Black Hills Molding, Inc. (hereinafter "Black
Hills Molding") to provide certain documents and discovery responses to
requests propounded by Brandom.  See Docket No. 26.  This court granted in
part and denied in part that motion.  See Docket No. 38.  Now before the court
is Brandom Holdings' motion for an award of $11,810 in attorney's fees as
sanctions for having to pursue the motion to compel.  See Docket Nos. 39 and
40.  The following is this court's ruling on that request.

## FACTS

This action was removed from state court on the basis of diversity
jurisdiction.  In its complaint, Black Hills Molding asserts that it agreed with
Brandom's predecessor, Brandom Southwest, to procure and stock certain
wood products and to supply those products to Brandom Southwest upon

1

Brandom Southwest's demand.  Because of the "just in time" nature of the contract, the agreement required certain reporting from Brandom Southwest to Black Hills Molding so as to enable Black Hills Molding to anticipate Brandom Southwest's supply needs.  Black Hills Molding alleges that Brandom purchased Brandom Southwest in May of 2009 and that Brandom continued its inventory purchase arrangement with Black Hills Molding unchanged until approximately 2011.

In 2011, Black Hills Molding alleges that Brandom's orders and reports to Black Hills Molding became more erratic.  Finally, Black Hills Molding alleges Brandom stopped ordering wood products altogether from Black Hills Molding, leaving Black Hills Molding with a stock of Brandom's inventory. Black Hills Molding sued Brandom, asserting claims of breach of contract and promissory estoppel.  A key issue in this lawsuit is whether Brandom can be held accountable under the terms of the contract entered into by Brandom Southwest.

As to this issue and others, Brandom propounded a number of requests for admission, interrogatories, and requests for the production of documents to Black Hills Molding, seeking in a number of different ways to determine what plaintiff's theory was for holding Brandom liable under a contract entered into by another business entity and what evidence and legal theories Black Hills Molding was relying on in this regard.

Black Hills Molding stonewalled these discovery requests.  Black Hills Molding produced  534 pages of documents in its initial discovery disclosure under Federal Rule of Civil Procedure 26.  Then, in response to almost all of Brandom's discrete discovery requests, Black Hills Molding simply responded "see BH Molding 1-534."  In addition, the interrogatories—which Federal Rule of Civil Procedure 33 require to be signed under oath by the party itself—were signed only by Black Hills Molding's attorney.  No additional documents were produced by Black Hills Molding, despite its agent's testimony in an aborted Rule 30(b)(6) deposition that there were in fact other responsive documents in addition to the 534 pages initially produced by Black Hills Molding.

After repeated unsuccessful attempts to reach an agreement with Black Hills Molding regarding its discovery requests, Brandom filed a motion to compel.  The court granted the request almost entirely.  The one exception was that the court refused to grant Brandom's request to deem admitted its requests for admission on the basis that Black Hills Molding filed its responses one day late.

Brandom now seeks an award of attorney's fees as sanctions against Black Hills Molding for having had to file the motion to compel.  In that regard, Brandom filed itemized time entries and affidavits in support of its request for attorney's fees.  See Docket Nos. 39, 39-1, 40, 43.  Brandom seeks remuneration for its local attorney's time at a rate of $250 per hour and for its

local attorney's paralegal at a rate of $100 per hour.  Brandom seeks payment

for 13.4 hours of its local attorney's time at a cost of $3,350 and for 2.7 hours

of its local paralegal's time at a cost of $270.

Brandom is also represented by two lawyers from Dallas, Texas.

Brandom seeks remuneration for its Texas attorneys' time at a rate of $300 per

hour for both attorneys.  Brandom seeks payment for 27.3 hours of its Texas

lawyers' time at a cost of $8,190.  Thus, Brandom's request is as follows:

| | |
|---|---|
| 27.3 hours of Texas counsel's time at $300 per hour | $8,190 |
| 13.4 hours of local counsel's time at $250 per hour | $3,350 |
| <u>2.7 hours</u> of local paralegal's time at $100 per hour | <u>$   270</u> |
| <u>43.4 Total Hours</u> | <u>Total Fees Requested:   $11,810</u> |

Black Hills Molding filed a response in opposition to Brandom's request

for attorney's fees.  Although Black Hills Molding does not object to the

awarding of attorney's fees in principal, it does object to the amount requested.

Black Hills Molding urges that Brandom's request be reduced, taking issue

with both the number of hours expended by Brandom on the motion, as well as

with the hourly rates of compensation requested.

## DISCUSSION

### A.  The Lodestar Method of Determining a Reasonable Award of Attorney's Fees

The court must evaluate Brandom's request for attorney's fees to

determine whether it is reasonable.  In determining a reasonable award of

attorney's fees under Federal Rule of Civil Procedure 37, the court begins by

4

determining the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.  See Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332–33 (N.D. Cal. 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp., Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't of Wyandotte Cnty., 197 F.R.D. 454, 459 (D. Kan. 2000); Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). "The burden is on the moving party to prove that the request for attorneys' fees is reasonable." Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Kister v. D.C., 229 F.R.D. 326, 329 (D.D.C. 2005)); see also Creative Res. Grp. of N.J., Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Once the lodestar is calculated, there are twelve factors that are relevant in considering whether that figure should be adjusted up or down:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, (1983) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated by Blanchard v. Bergeron, 489 U.S. 87 (1989) (abrogating Johnson only with

respect to the view that contingent-fee contract creates an automatic ceiling on awards of attorney's fees); MODEL CODE OF PROF'L RESPONSIBILITY DR 2-106 (1983).

**B.     Reasonable Hourly Rate**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffey v. Nw. Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984)) (providing that the hourly rate must be "sufficient to attract competent counsel, but not so excessive as to produce a windfall," and generally must be "in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community").  Sometimes, however, out-of-town counsel will be entitled to a rate based on the prevailing standards in their community rather than the forum community.  Such a departure may be recognized where the case requires specialized knowledge and expertise and such knowledge and expertise cannot be found in the forum community or where the case is unpopular and local lawyers are unwilling to undertake representation in the case.  Hensley, 461 U.S. at 430 n.3.

In this case, Brandom has submitted a request for an award of attorney's fees for their local lawyer and for two attorneys located in Texas.  Brandom also requests an award of fees for a local paralegal.  Brandom sets forth the years in practice for local counsel and for the more senior of the Texas lawyers, but not for the junior Texas lawyer.  A visit to the web site for the Texas lawyers' law

firm reveals that the junior Texas lawyer graduated from law school in May of 2013.[1]  Brandom did not provide evidence of prevailing attorney's fees in Texas for the kind of work performed in this case.

Brandom has not raised any special circumstances that would justify awarding attorney's fees on a basis other than the normal hourly rate in the community forum, the District of South Dakota.  Furthermore, the court is not aware of any such special circumstances.  This is a garden-variety action revolving around a commercial contract between the parties.  Black Hills Molding asserts claims of breach of contract and promissory estoppel.  The Uniform Commercial Code, which is nearly identical from state to state, provides the applicable legal backdrop for Black Hills Molding's contract claim, and the common law supplies the law for the promissory estoppel claim.  Many attorneys possessing the requisite skill and expertise necessary to handle such an action can be found in South Dakota.

Brandom does not allege that it or Black Hills Molding are parties of such a nature that would make finding legal representation for Brandom in South Dakota difficult.  Therefore, the court concludes that Brandom should receive an award of attorney's fees based on the prevailing rates in the District of South Dakota, rather than the prevailing rates in Texas.

---

[1] See GORDON & REES LLP, http://www.gordonrehees.com/lawyers/c/christopher-s-norcross (last visited Jan. 10, 2014).

In its reply to its request for attorney's fees, Brandom submitted an affidavit from Eric Pickar, a local Rapid City attorney, attesting to the reasonableness of local counsel's hourly rate of $250 per hour, given her experience, reputation, ability, and background.  See Docket No. 43.  In addition, Mr. Pickar states that Texas counsel's hourly rate of $300 per hour is "in line with those practicing in larger cities by attorneys of reasonably comparable skill, experience and reputation."  Id.  However, Mr. Pickar does not opine upon the reputations, skills, or abilities of Texas counsel nor of prevailing attorney's fees in Texas.  Id.  Mr. Pickar does state that Texas counsel's hourly rate is comparable to the rates being charged by attorneys from Denver, Colorado, in a case in which Mr. Pickar is currently involved.  Id.

The court takes judicial notice of the prevailing rates in this district based on its own knowledge of prevailing rates here.  See Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp., Inc., 212 F.R.D. 94, 103–04 (E.D.N.Y. 2002) (quoting Fund Comm'n Serv., II, Inc. v. Westpac Banking Co., Civ. No. 93-8298, 1996 WL 469660, at *7 (S.D.N.Y. Aug. 16, 1996)) (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").  Experienced, partner-level trial counsel in this community have received awards of attorney's fees ranging from $200 per hour to $225 per hour in lawsuits requiring highly specialized knowledge.  See Cottier v. City of Martin, Civ. No. 02-5021, 2008 WL 2696917, at *4 (D.S.D. Mar. 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, 2006

8

WL 1788307, at *2 (D.S.D. June 22, 2006).  In other cases where the hourly rate is limited by statute, courts have awarded fees based on an hourly rate of $150 per hour.  See Kahle v. Leonard, Civ. No. 04-5024, 2008 WL 2776494, at *4 (D.S.D. July 14, 2008).

In awards of attorney's fees as sanctions for successful motions to compel, the hourly rates of attorney's fees have ranged from $140 per hour to $250 per hour.  See Page v. Hertz Corp., Civ. No. 09-5098, 2012 WL 174773, at *2–3 (D.S.D. Jan. 20, 2012); Anspach v. United of Omaha Life Ins. Co., Civ. No. 10-5080, 2011 WL 4832563, at *1 (D.S.D. Oct. 12, 2011); Heil v. Belle Starr Saloon & Casino, Inc., Civ. No. 09-5074, Docket Nos. 66, 68 (D.S.D. Sept. 1, 2011); Beyer v. Medico Ins. Grp., Civ. No. 08-5058, Docket No. 65 at 3–4 (D.S.D. Jan. 12, 2010); Howard Johnson Int'l, Inc. v. Inn Dev., Inc., Civ. No. 07-1024, 2008 WL 2563463, at *2 (D.S.D. June 23, 2008); Oyen v. Land O'Lakes Inc., Civ. No. 07-4112, Docket Nos. 56, 62 (D.S.D. Feb. 6, 2009 and Mar. 3, 2009, respectively).

The court concludes, on the basis of its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorney's fees, that the hourly rate Brandom has requested for local counsel, although at the high end, is nevertheless a reasonable hourly rate in this district.  That rate shall apply equally to Texas counsel, Joshua Martin's, time.

With respect to Texas counsel, Christopher Norcross, the court finds that he is a junior associate, only just having graduated from law school a few months prior to working on Brandom's motion to compel.  For that reason, the court has determined that he should not be compensated at the high-end of this District's prevailing hourly rate.  Mr. Pickar's affidavit failed to provide what the prevailing hourly rates are for junior associate attorneys in the District of South Dakota.  Accordingly, the court will rely on its own knowledge of the prevailing hourly rates for junior associate attorneys in the District of South Dakota. See Howard Johnson Int'l, Inc. v. Inn Dev., Inc., Civ. No. 07-1024, 2008 WL 2563463, at *2 (D.S.D. June 23, 2008) (approving a hourly rate of $140 per hour for a junior attorney whose work was also reviewed).  The court will approve  an hourly rate of $150 per hour for junior associate work.

The hourly rate charged by the local paralegal appears slightly high.  Neither Mr. Pickar's affidavit nor any other filing on behalf of Brandom indicates what the prevailing rates are for paralegals in the District of South Dakota.  Decisions of this district determining reasonable rates for paralegals have approved rates of $75 per hour, but not higher than that.  See Page v. Hertz Corp., Civ. No. 09-5098, 2012 WL 174773, at *2–3 (D.S.D. Jan. 20, 2012); Kahle v. Leonard, Civ. No. 04-5024, 2008 WL 2776494, at *4 (D.S.D. July 14, 2008); Cottier v. City of Martin, Civ. No. 02-5021, 2008 WL 2696917, at *5 (D.S.D. Mar. 25, 2008).  The court will approve an hourly rate of $75 per hour for local paralegal work.

10

**C.    Reasonable Hours**

The court must also determine whether the number of hours spent by Brandom's attorneys was reasonable.  Some courts have found that thirty and twenty-one hours spent researching and drafting a discovery motion to be a disproportionate amount of time relative to the nature of the dispute.  See Criterion 508 Solutions, Inc. v. Lockheed Martin Servs., Inc., 255 F.R.D. 489, 496 (S.D. Iowa 2008) (finding thirty hours to be disproportionate); Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680 (S.D. Iowa 1992) (finding 21.1 hours to be unreasonable).  Here, Brandom requests 43.4 hours.

In this district, this court has approved requests for attorney's fees ranging from $1,041.45 to $1,509.97 for run-of-the-mill motions to compel involving total hours spent ranging from 4.8 hours to 10.4 hours.  See Heil v. Belle Starr Saloon & Casino, Inc., Civ. No. 09-5074, Docket No. 68, at 2 (D.S.D. Sept. 1, 2011) ($1,041.45 awarded for 4.8 hours of attorney work); Howard Johnson Int'l, Inc. v. Inn Dev., Inc., Civ. No. 07-1024, 2008 WL 2563463, at *2–3 (D.S.D. June 23, 2008) ($1,453.50 awarded for 9.8 hours of attorney work); ); Oyen v. Land O'Lakes Inc., Civ. No. 07-4112, Docket Nos. 56, 62 (D.S.D. Feb. 6, 2009 and Mar. 3, 2009, respectively) ($1,509.97 awarded to defendant on defendant's motion to compel for 10.4 hours of attorney work; and $1,140.75 awarded to plaintiff on plaintiff's motion to compel  8.45 hours of attorney work).  In a case involving a motion to compel where the plaintiff

11

refused to submit to an independent medical evaluation and where there was a dearth of legal authority regarding the appropriate sanctions for such conduct, the court awarded attorney's fees of $4,567.50 for 24.8 hours of attorney work and 9.7 hours of paralegal work.  See Page v. Hertz Corp., Civ. No. 09-5098, 2012 WL 174773, at *2–3 (D.S.D. Jan. 20, 2012).

In one extraordinary case, this court granted a plaintiff's detailed motion to compel, which involved numerous issues.  Then, after the plaintiff was forced to make a second motion to compel due to the defendant's refusal to comply with the previous order, this court awarded $13,480 in attorney's fees for an aggregate 53.92 hours of work for both motions.  See Beyer v. Medico Ins. Grp., Civ. No. 08-5058, Docket No. 65 at 3–4 (D.S.D. Jan. 12, 2010).

Here, Brandom's motion to compel dealt with one basic issue:  should Black Hills Molding be forced to answer the questions propounded by Brandom with specificity?  The answer to that question was fairly obvious since Black Hills Molding did not object to any of the discovery requests or assert any privilege issues.

Brandom's request for compensation for 43.4 hours on its motion to compel is unreasonable in light of the simplicity of the motion.  It should not take three lawyers and a paralegal to file a motion to compel, but, even if all parties' contributions were required, the expenditure of over forty-three hours is disproportionate to the essence of the motion.

12

In reviewing the itemized billing statements from all counsel, it appears that a decision was made to file the motion to compel on July 19, 2013, after having received correspondence from Black Hills Molding's attorney on July 18, 2013, which made clear that Black Hills Molding was going to remain unresponsive to the discovery requests served on it by Brandom.  Accordingly, the court excludes local counsel's time entries from prior to July 19, 2013.  Time entries for local counsel from July 19, 2013, forward total 4.3 hours.  Local paralegal's time from July 19 forward total two hours.  Texas counsels' hours from July 19, 2013, forward total 27.3 hours.  Of these, the court eliminates one hour spent by Joshua Martin reviewing the motion drafted by Christopher Norcross, leaving a total of 26.3 hours.  Thus, the total hours submitted by all three lawyers and the paralegal for time spent from July 19, 2013, forward—less the one-hour reduction attributable to Mr. Martin—is 32.6 hours.  The two hours spent by the paralegal involved in this file is reasonable, given the number of attachments to Mr. Martin's affidavit submitted on the motion.  The attorney hours are not.

Excluding signature pages and certificates of service, Brandom drafted a total of twenty-nine pages of pleadings:  the original motion is three pages long, the memorandum in support is seventeen pages long, the affidavit in support is six pages long, and the reply brief is three pages.  Thus, Brandom is claiming approximately 1.1 hours of work for every written page produced.  Even thirty hours of attorney work (exclusive of paralegal time) to produce twenty-nine

pages of work product is excessive.  "The line between a reasonable and unreasonable expenditure of time in pursuit of a client's cause is not always clearly evident to counsel, especially in the heat of battle."  <u>Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.</u>, 142 F.R.D. 677, 680 (S.D. Iowa 1992) (quoting Hall v. Borough of Roselle, 747 F.2d 838, 841 (3d Cir. 1984)) (internal quotation marks omitted).  Here, Brandom's attorneys expended more time than was reasonably necessary to complete its motion to compel.

In light of the nature of the issue litigated in the motion to compel, the lack of legal experience of the primary drafter of the motion, and the result obtained, the court believes that no more than twenty hours of attorney work should have been required to file the motion to compel, the affidavit and memorandum of law in support, and the reply brief.  Accordingly, the court will award attorney's fees for twenty hours plus two hours of paralegal work.  Thus, the total attorney's fees awarded to Brandom as sanctions against Black Hills Molding for having to file the motion to compel are as follows:

Attorney's Fees:

|  | | | |
|---|---|---|---|
| Jennifer Trucano:  3 hours at $250 per hour | = | $   750 |
| Joshua Martin:  4 hours at $250 per hour | = | 1,000 |
| Christopher Norcross: 13 hours at $150 per hour | = | 1,950 |
| Paralegal Fees:        2 hours at $75 per hour | = | 150 |
| Sales Tax on Fees:     6% | = | <u>231</u> |
| TOTAL AWARD OF ATTORNEY'S FEES | = | <u>$4,081</u> |

14

The court is mindful that this award of attorney's fees, even as reduced by this court, is on the higher end of such awards granted in this district. However, given the lack of any reasoned legal basis by Black Hills Molding to refuse to respond appropriately to the discovery requests propounded by Brandom and the number of discovery requests at issue, the court concludes that such an award is not inappropriate.

**CONCLUSION**

Based on the forgoing discussion, it is hereby

ORDERED that Brandom's request for attorney's fees [Docket Nos. 39 & 40] is granted in part and denied in part.  Black Hills Molding, Inc. shall pay to Brandom Holdings, LLC within thirty (30) days the sum of $4,081 in attorney's fees as sanctions for Brandom's having to resort to filing a motion to compel in order to obtain the discovery requested of Black Hills Molding.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2012).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  See FED. R. CIV. P. 72(a).  Objections must be timely and specific in order to require review by the

15

district court.  <u>See</u> <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990) (per curiam);

<u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

Dated January 10, 2014.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

16